**ORAL ARGUMENT NOT YET SCHEDULED**

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

|  |  |  |
|---|---|---|
| THE WILLIAMS COMPANIES, INC., et al., | ) ) ) ) | |
| Petitioners, | ) ) | No. 22-1078 |
| v. | ) ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) | |
| Respondent. | ) ) | |

_____)

### EPA'S UNOPPOSED MOTION TO CONTINUE ABEYANCE

Respondent United States Environmental Protection Agency ("Respondent" or "EPA")[1] respectfully moves to continue the abeyance for an additional six months to allow the parties to continue pursuing opportunities to resolve certain issues raised by Petitioners administratively instead of through litigation. EPA has conferred with Petitioners, who do not oppose the motion. In support, EPA states:

1. On May 9, 2022, Petitioners filed a petition for review of EPA's final rule entitled "National Emission Standards for Hazardous Air Pollutants: Stationary Combustion Turbines; Amendments," 87 Fed. Reg. 13183 (March 9,

---

[1] Healthy Gulf, Louisiana Bucket Brigade, and Sierra Club have intervened in this case. Jun. 24, 2022 Order (granting intervention), ECF No. 1951936. EPA has consulted with intervenors who do not oppose the motion.

2022).  The rule removed a stay of certain National Emission Standards for Hazardous Air Pollutants for Stationary Combustion Turbines that were originally promulgated in 2004.

2.      On July 15, 2022, this Court entered an Order establishing a briefing schedule (ECF No. 1955313).  On August 11, 2022, the parties jointly moved the Court to hold this case in abeyance for six months and to suspend the briefing schedule established in the Court's July 15, 2022 order, which the Court granted on August 19, 2022 (ECF No. 1960042).

3.      The parties again moved, in February 2023, August 2023, February 2024, September 2024, March 2025, and September 2025, to continue the abeyance, which the Court granted (ECF Nos. 1987217, 2014255, 2041680, 2073529, 2105284, 2135498).

4.      Good cause exists for granting this motion because the parties are currently engaged in an administrative process that may resolve some or all of the issues raised by Petitioners.  Continuing the abeyance would allow the parties to remain focused on a resolution that could obviate the need for further litigation. Thus, continuing to hold the case in abeyance will promote judicial efficiency and is in the interest of justice.

WHEREFORE, EPA respectfully requests that the Court continue the abeyance for an additional six months and direct the parties to submit motions to govern six months from the date of the Court's order granting the motion.

Respectfully submitted March 17, 2026,

*/s/ Sarah Izfar*
SARAH IZFAR
D.C. Bar No. 1017796
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 532-3050
Sarah.izfar@usdoj.gov
*Counsel for Respondent*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 359 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f).  The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word Times New Roman fourteen-point font.

*/s/ Sarah Izfar*
SARAH IZFAR

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing have been served through the

Court's CM/ECF system on all registered counsel this 17th day of March 2026.


*/s/ Sarah Izfar*
SARAH IZFAR